Curia, per

Gantt, J.
In reviewing the circumstances of this case, I can see no reason to impugn the decision of the Judge presiding in the court below. It seems to be admitted that the oijly requisite to complete the transfer, was the acceptance of Dargan. Now, what possible motive could Dar-gan have had to induce him to decline acceptance? He had been security for Long, and had paid money on account of it; and it would be a singular presumption to infer that he would be opposed to receiving back what he had expended. The presumption of the common law, indeed one of its maxims, if my memory be correct, is, that a man will not re- *198 bounce that which is done for his benefit. A presumption verified in this instance, by Dargan’s immediate assent on the ¡receipt of Long’s letter, to the transfer made in his behalf. From what point of time, then, under existing circumstances; shall this transfer of property, from Long to Dargan, be considered as having taken place. From the date of the letter, of the receipt of it by Dargan! I think that it should be referred back to the date of the letter. It was then that Long,the owner of the property, transferred all his right and interest to Dargan, whose after acceptance consummated the efficacy of the transfer at the time it was made. Thus considered, Dargan became the owner of the property prior to the .levying the attachments, and his just claim must have precedence over the claim of the attaching creditors. In this view of the law, I feel myself strongly supported by what was adjudged in the case of Nathaniel G. Prime vs. Samuel Yates et al. attaching creditors of Lockwood, decided in Charleston in the year 18 L6, (2 Tread. 770.) The question there involved, was elaborately argued by very able and distinguished members of the Charleston bar, Ford, Simmons, Prioleau and Cheves; and the doctrine asserted by Justice Nott, to which, with Judge Grimice, I then assented, seems yet, for aught that has been'urged to the contrary, to be good law. From the close analogy between the cases, the bearing of that opinion may be regarded as decisive upon the present issue.
Lockwood was in Charleston, and owner of the schooner Mary Ann. He was indebted to Prime, the plaintiff, who lived in New York. Blagge, the father-in-law of Lockwood, also resided in New York, and had become security for Lockwood’s debt to Prime; Blagge addressed a letter to Lockwood, pressing to be relieved from his responsibility. Lockwood executed a bill of sale to Blagge for the schooner, and inclosed it in a letter addressed to Dr. Joseph Walden, of Charleston, on the 10th April, 1808. On the same day, *199 Lockwood wrote another letter to Blagge, informing him that he had left the bill of sale with Walden for him. Lockwood immediately after put to sea in another vessel, and never returned. Blagge assigned his interest in the schooner to Prime, in discharge of Lockwood’s debt. Walden, the day after he received the bill of sale, took possession of the vessel for Blagge; but had received no letters, or other powers from Blagge, constituting him his agent. On the 14th of April, and whilst the bill of sale remained in Walden’s possession, the defendants, Yates and others, creditors of Lockwood, levied their attachments.
These were the leading circumstances of the case, and the question submitted for adjudication was, whether Prime, the vendee, or Yates and others, the attaching creditors of Lockwood, were entitled to the property attached. Judge Nott, who wrote the opinion of the court, said, that the transfer by Lockwood amounted to a complete divestiture of the property, and that if the consent of Blagge was necessary, it must be presumed from all the circumstances of the case.
I would in like manner say, in the case before us, that the transfer by Long amounted to a complete divestiture of the property, and if the consent of Dargan was necessary, it must be presumed, from all the circumstances of the case; a presumption which has for its foundation the maxim of the common law to which I have already referred. It has been said, that Long might have countermanded the delivery of the letter containing his transfer of the goods, at any time before Dargan received it. That he might have done so, is questionable. That he did nothing to invalidate the efficacy of the transfer, is manifest
If a bill of sale, (as has been decided,) delivered to a stranger for the use of a third person, is a valid transfer from the date of delivery, if the vendee accepts; by parity of reason, where a transfer of personal property is made by writing contained in a letter, if the person to whom the letter is address *200 ed accepts it, it shall have relation back to the' date of the letter. These circumstances all took place in the case undér consideration, and the conclusion to be drawn therefrom is, that Dargan became the owner of the goods from the date of the letter, and is justly entitled, out of the proceeds of the sale, to the amount Long was indebted to him, and for which amount the decree below was given. The appellant can take nothing by his motion, which is dismissed.
Richardson for the motion ; Garden, contra.
Evans, Earle and Butler, JJ. concurred.